996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Albert A. KLUTNICK, doing business as
Keystone Sash & Door Company, Debtor.
Appeal of: Barbara KLUTNICK.
 No. 92-1699.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided June 25, 1993.
Rehearing and Suggestion for Rehearing In Banc
Declined Aug. 12, 1993.
 
 Before Cummings, Coffey and Ripple, Circuit Judges.
 
 ORDER
 
 1
 A bankruptcy court approved a settlement agreement authorizing the sale of Albert Klutnick's assets. Klutnick appealed to the district court, which held that he had no standing to challenge the agreement. We dismissed as moot the appeal from the district court's order because Klutnick had never obtained stays of the bankruptcy court's orders authorizing the sale and disposition of Klutnick's assets. Barbara Klutnick, Albert's wife, then filed a motion in the bankruptcy court asking it to vacate its order approving the settlement agreement, which the bankruptcy court denied on March 18, 1991. On April 16, 1991, well past the ten-day time limitation established by 28 U.S.C. § 158(c) and Bankruptcy Rule 80002, Barbara Klutnick appealed the bankruptcy court's decision to the district court. The district court, holding that the appeal was filed too late, affirmed the bankruptcy court's decision.
 
 
 2
 Barbara Klutnick now appeals to this court the district court's holding that her appeal to it was tardy. Mrs. Klutnick argues only that the bankruptcy court did not have jurisdiction to enter the initial settlement agreement, but never argues the merits of the issue presented for review: whether the district court properly ruled that she filed her appeal too late for it to hear. The district court correctly held that Mrs. Klutnick's appeal was filed too late, and, because Mrs. Klutnick does not argue the issue presented for review, as she must, Fed.R.App.P. 28(a)(4), we see no basis for disturbing the court's decision.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs. The motion to expedite the appeal is dismissed as moot